Dhali v. Sessions
BIA
Christensen, IJ
A205 879 064

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand eighteen.

PRESENT:
      RALPH K. WINTER,
      GUIDO CALABRESI,
      DENNY CHIN,
         *Circuit Judges.*

_____

HARUN DHALI,

      *Petitioner,*

      v.              17-117
                    NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

      *Respondent.*

_____

FOR PETITIONER:      Khagendra Gharti-Chhetry, Chhetry & Associates, P.C., New York, NY.

**FOR RESPONDENT:**      Chad A. Readler, Acting
Assistant Attorney General;
Anthony C. Payne, Assistant
Director; Kathleen Kelly
Volkert, Trial Attorney, Office
of Immigration Litigation,
United States Department of
Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Harun Dhali, a native and citizen of Bangladesh, seeks review of a December 13, 2016, decision of the BIA affirming a March 6, 2016, decision of an Immigration Judge ("IJ") denying Dhali's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Harun Dhali,* No. A205 879 064 (B.I.A. Dec. 13, 2016), *aff'g* No. A205 879 064 (Immig. Ct. N.Y. City Mar. 6, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review

2

are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The REAL ID Act provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on inconsistencies or omissions in an applicant's or his witness's statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. "A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (emphasis added) (citation and internal quotation marks omitted). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. For the reasons that follow, we conclude that the agency did not err in finding Dhali not credible.

Initially, the agency reasonably relied on both the inconsistency between Dhali's application and party certificate about whether he held any leadership positions in

3

the party and upon the omission of Dhali's past harm from the party certificate. *Id*. at 163-67. Dhali stated in his application that he held leadership roles in the Jatiya Party, but his party certificate states only that he was a member of the National Party Mohakhali Thana Unit Committee. Moreover, although the party certificate postdates Dhali's alleged persecution, it fails to mention that he suffered harm because of his party activities. The agency was not required to credit Dhali's explanation that he had requested proof of only his party membership because, as the IJ observed, if Dhali had held any leadership positions or suffered persecution for his party activities, this information would be expected to be included in his party certificate. *Majidi*, 430 F.3d at 80.

The agency also reasonably based the credibility determination on an inconsistency between Dhali's application and testimony about the political affiliations of the men who allegedly extorted him. *Xiu Xia Lin*, 534 F.3d at 163-64. While Dhali asserted in his application that two Awami League terrorists had extorted him, he testified that one man belonged to the Bangladesh Nationalist Party and the other to

4

the Awami League.  Dhali did not explain this inconsistency. *Majidi*, 430 F.3d at 80.

The agency also reasonably relied on the discrepancies between Dhali's application, testimony, and credible fear interview about whether he was targeted for his political activities and what these activities entailed. *Ming Zhang v. Holder*, 585 F.3d 715, 724-25 (2d Cir. 2009).  First, although Dhali stated in his application and testimony that he was targeted for extortion because of his support for the Jatiya Party, he stated during his credible fear interview that he was targeted because he built an expensive home in his village.  Second, Dhali's testimony and credible fear interview statements were inconsistent about whether his assailants ever mentioned his political activities.  Third, as noted above, Dhali asserted in his application that he held leadership positions in the Jatiya Party, but stated during his credible fear interview that his party activities consisted of posting pictures.  The agency was not required to credit Dhali's explanation that he misspoke during his credible fear interview because he had a fever. *Majidi*, 430 F.3d at 80.  The IJ correctly observed that Dhali's interview

record displayed the requisite "hallmarks of reliability." *Ming Zhang*, 585 F.3d at 725.

Finally, the IJ did not err by finding that Dhali's party certificate and joining letter were questionable on their face, likely fraudulent, and further undermined Dhali's credibility. *Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151, 157-58 (2d Cir. 2006). As the IJ observed, while Dhali claimed that his party certificate was from 2012 and that his party-joining letter was from 1987, both documents were in near-identical condition, appeared to have been printed from a computer, and were on the same letterhead.

Given the foregoing findings, the adverse credibility determination is supported by the "totality of the circumstances." *Xiu Xia Lin*, 534 F.3d at 167. Dhali does not challenge the agency's finding that his corroborating evidence was insufficient to rehabilitate his credibility and has therefore waived review of that finding in this Court. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). The credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court